**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4090**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDDIE WARE WALLACE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. J. Michelle Childs, District Judge. (8:17-cr-00306-JMC-1)

Submitted: September 24, 2018                    Decided: October 23, 2018

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora C. Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Daniel Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Ware Wallace, Jr., pled guilty to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012). The district court calculated Wallace's sentencing range under the U.S. Sentencing Guidelines Manual (2016) at 77 to 96 months' imprisonment and sentenced him to 84 months' imprisonment. On appeal, Wallace's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court abused its discretion in imposing the 84-month prison term. Wallace was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

We review Wallace's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we examine the sentence for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51). We also review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a

2

presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

*Anders* counsel questions whether the district court abused its discretion by failing to explain why it was rejecting Wallace's request for a below-Guidelines sentence. Although the district court did not address in its statement of reasons for imposing the 84-month term Wallace's arguments regarding his cooperation with the Government, concern for his family, and the nature of his criminal conduct, such failure does not amount to error warranting vacatur of Wallace's sentence because he did not suggest any reasons why a below-Guideline sentence was warranted in light of these factors. *Cf. United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." (internal quotation marks omitted)).

*Anders* counsel also suggests the possibility that the 84-month sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing in Wallace's case. We reject this contention because it essentially asks this court to substitute its judgment for that of the district court. That court concluded that an 84-month prison term was sufficient, but not greater than necessary, to achieve the purposes of sentencing in Wallace's case after weighing relevant § 3553(a) factors. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that an 84-month sentence achieved the purposes of sentencing in Wallace's case. *See Gall*, 552 U.S. at 51

3

(explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).  In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Wallace fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we also have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the criminal judgment.  This court requires that counsel inform Wallace, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wallace requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wallace.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*